IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

BRUNSON ROBERTS                                          PETITIONER

vs.                    Civil Case No. 5:06CV00091 HLJ

LARRY NORRIS, Director,
Arkansas Department of Correction              RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## <u>DISPOSITION</u>

Now before the court is a petition for a writ of habeas corpus under 28 U.S.C. § 2254 by Brunson Roberts, an inmate of the Arkansas Department of Correction. Petitioner was convicted by a jury on February 12, 2003, of possession of cocaine, and he received a sentence of fourteen years imprisonment (Respondent's Exhibit A). His attorney filed a no-merit brief on direct appeal (Respondent's Exhibit B) pursuant to <u>Anders v. California</u>, 386 U.S.

2

738 (1967), and Petitioner filed a <u>pro se</u> brief (Respondent's Exhibit C).  The Arkansas Court of Appeals affirmed his conviction on June 30, 2004 (Respondent's Exhibit E).  On July 12, 2004, Petitioner filed a petition for review with the Arkansas Supreme Court (Respondent's Exhibit F), which the court denied on October 14, 2004 (Respondent's Exhibit H).  On September 23, 2004, he filed a petition pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure for post-conviction relief in circuit court (Respondent's Exhibit I), which the trial court denied on September 28, 2004, because his direct appeal was still pending in the form of his petition for review (Respondent's Exhibit J).  Petitioner apparently appealed the dismissal, but failed to file an appellant's brief and the Arkansas Supreme Court dismissed his appeal on February 10, 2005 (Respondent's Exhibit K).  On June 3, 2005, he filed a state petition for habeas corpus relief pursuant to Ark. Code Ann. 16-112-103 (Respondent's Exhibit L).  The circuit court denied relief on the merits[1] on July 27, 2005 (Respondent's Exhibit M).

In the present petition, Petitioner raises the following grounds for relief:

---

[1]   The court pointed out that habeas corpus relief is available in Arkansas only "if the commitment was invalid on its face or if the committing court lacked jurisdiction" (Respondent's Exhibit M, p. 2).  It then found most of Petitioner's claims were based on alleged trial errors and that they had been raised on direct appeal and rejected by the Court of Appeals.  <u>Id.</u> at 3.

1.    His conviction was obtained through the use of
evidence gained pursuant to an unconstitutional search
and seizure;

2.    His conviction was obtained through the use of
evidence gained pursuant to an illegal arrest;

3.    His conviction was obtained by a violation of his
privilege against self-incrimination when the court
failed to grant a directed verdict on the ground that the
state failed to prove a legal arrest and when the
prosecution withheld the telephone number of Petitioner's
boss, who could have explained why Petitioner had cash on
his person, and it was these factors that caused
Petitioner to take the stand and incriminate himself;

4.    His conviction was obtained by the prosecutor's
failure to disclose the address and telephone number of
his boss, which would have led to evidence favorable to
the defense;

5.    Defense counsel was ineffective because she did not
file any pre-trial motions to discover favorable evidence
and she did not ask to see the arrest warrant when the
arresting officer testified at trial;

6.    He was denied his right to appeal when he was denied
a copy of the trial transcript and when his appellate
attorney withdrew from his case and

7.    He was denied his constitutional and procedural
rights.

Respondent admits Petitioner has no non-futile state remedies
available, but contends the petition should be dismissed because
the claims have no merit or are procedurally barred and because the
petition is untimely under 28 U.S.C. § 2244(d)(1).  That section
stablishes a one-year limitations period for filing federal habeas
corpus petitions under § 2254, and provides several triggering
dates, one of which is "the date on which the factual predicate of

4

the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2241(d)(1)(D).

Petitioner alleges in grounds one, two, three and four that the prosecution withheld information from the defense. Most of this information related to his arrest and the subsequent confiscation of evidence used against him at trial, the subject of grounds one and two. He states he discovered these facts while he was engaging in discovery in relation to a civil rights lawsuit, apparently against the prosecutor. He does not state when the discovery occurred. There is no need to determine if this allegation would be sufficient to extend the limitations period for these claims, however, because even if the court were to find these two claims were timely they would not entitle Petitioner to relief.

The Supreme Court held in <u>Stone v. Powell</u>, 428 U.S. 465, 482 (1976), that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial." In Arkansas, criminal defendants may file a motion to suppress evidence under Rule 16 of the Arkansas Rules of Criminal Procedure. Petitioner does not contend the procedures set forth in that rule are inadequate to protect his Fourth Amendment rights. Thus, this court may not consider grounds one and two, and there is no need to address whether the discovery of the

information would establish a triggering date for the limitations period.

Petitioner also asserts in grounds three and four that the prosecutor withheld information regarding the telephone number and address of his boss, who could have explained at trial why Petitioner had money on him at the time of his arrest.  It appears, however, that the defense discovered this information during trial (Petition, DE #2,p. 14).  Since the discovery of this information cannot be the triggering date, I find the relevant triggering date for Petitioner is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

"Direct review" includes review by the United States Supreme Court.  Smith v. Bowersox, 159 F.3d 345, 347-48 (8th Cir. 1998), cert. denied, 525 U.S. 1187 (1999).  Thus, a judgment is final when the United States Supreme Court has issued an opinion rejecting a petitioner's direct appeal, or when it denies a petition for a writ of certiorari or when the time for filing a petition for certiorari has expired.  Id. at 348; Nichols v. Bowersox, 172 F.3d 1068, 1072 (8th Cir. 1999)(en banc) holding a state court judgment becomes final under § 2244(d)(1)(A) upon expiration of time to file petition for writ of certiorari).  Rule 13.1 of the United States Supreme Court Rules provides that a petitioner has 90 days from the entry of judgment by a state court of last resort to file a

petition for a writ of certiorari, or, if the judgment is from a lower state court, a petitioner has 90 days from the entry of an order by the court of last resort denying discretionary review. Under Rule 13.3 of the Supreme Court Rules, the time runs from the date the judgment or order is entered, not from the date the mandate issues.

Here, the Arkansas Supreme Court denied review on October 14, 2004, and Petitioner's deadline for seeking certiorari was January 12, 2005.  Since he did not file a petition for certiorari, his conviction became final on that date and the one-year limitations period ended on January 12, 2006.  He did not sign his petition, however, until January 25, 2006.[2]

Under § 2244(d)(2), the running of the limitations period is tolled during the time a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  A state application for post-conviction or collateral relief is "'filed' as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record,"... and it "is '_properly_ filed' when its delivery and acceptance are in compliance with the applicable laws and rules

---

[2]   For purposes of this opinion, the court will presume Petitioner placed his petition in the prison mail that same date. See Houston v. Lack, 487 U.S. 266 (1988)(under the prison mailbox rule, a document will be deemed filed on the date the inmate places it in the prison mail system).

governing filings." <u>Artuz v. Bennett</u>, 531 U.S. 4, 8-9 (2000)(emphasis in original). These laws and rules "usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, ... the requisite filing fee," and any preconditions imposed on abusive filers or all filers generally. <u>Id.</u> (footnote omitted).

In the present case, the circuit court found Petitioner's Rule 37 petition was premature under Ark.R.Crim.P. 37.2(a), and dismissed it for lack of jurisdiction. Thus, the Rule 37 petition was not "properly filed" and it did not toll the running of the limitations period.

Petitioner's state habeas corpus petition was not properly filed because he filed it in Pulaski County, Arkansas, even though he was incarcerated in Lincoln County, Arkansas. Petitioner argues that the trial court addressed the merits of the petition, but the Eighth Circuit Court of Appeals has held, even where the state court has addressed the merits of a state habeas petition, that if the petition was not filed in the county of incarceration, it was not "properly filed" for purposes of tolling the limitations period in § 2244(d). <u>Lewis v. Norris</u>, 454 F.3d 778, 781 (8th Cir. 2006).

> The Arkansas Supreme Court has summarily dismissed appeals from trial court denials of state habeas petitions when prisoners fail to file the petitions in the county of incarceration on the grounds such petitions are "properly addressed to the circuit court in the county in which the petitioner is held in custody [.]" <u>French v. State</u>, No. CR 05-690, 2006 WL 728804 at *1 (Ark. Mar.23, 2006) (emphasis added); see also <u>Jackson v.</u>

> <u>State</u>, No. CR 06-151, 2006 WL 1133544 at *1 (Ark. Apr.23,
> 2006) (summarily dismissing appeal where prisoner filed
> it in the wrong county, because "although a circuit court
> may have subject-matter jurisdiction to issue the writ,
> a court does not have personal jurisdiction to issue and
> make returnable before itself a writ of habeas corpus to
> release a petitioner held in another county."); <u>Cooper v.
> State</u>, No. CR 05-453, 2006 WL 650697 at *1 (Ark. Mar.16,
> 2006) (same); <u>Watts v. State</u>, No. 05-686, 2006 WL 563633
> at *1 (Ark. Mar.9, 2006) (same).

<u>Id.</u>  Thus, I find neither of Petitioner's state court petitions tolled the running of the limitations period.

A court may apply equitable tolling to a limitations period where a petitioner has established "two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." <u>Pace v. Diguglielmo</u>, 344 U.S. 408, 418 (2005).[3]  "[E]quitable tolling is appropriate only in rare cases," <u>Von Eye v. U.S.</u>, 92 F.3d 681, 684 (8th Cir. 1996), "when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'" <u>Miller v. New Jersey State Dep't. Of Corrections</u>, 145 F.3d 616, 618 (3rd Cir. 1998).

> The petitioner must show that he or she "exercised
> reasonable diligence in investigating and bringing [the]
> claims."  Mere excusable neglect is not sufficient.

<u>Id.</u> at 618-19 (citations omitted).  <u>C.f Alvarez-Machain v. U.S.</u>, 107 F.3d 696, 701 (9th Cir. 1996), <u>cert</u>. <u>denied</u>, 522 U.S. 814 (1997)(Equitable tolling appropriate where Federal Tort Claims Act plaintiff had been incarcerated for over two years in a foreign

---

[3]  The Court assumed without deciding that equitable tolling applies to the statute of limitations in § 2244(d).

country, in complex case in which his life was at stake). Petitioner has not explained why he did not re-file his Rule 37 petition after the Arkansas Supreme Court denied review, or why he did not file his state habeas corpus petition in the correct county. I find he has not established he is entitled to equitable tolling in this case and therefore I must find this petition is untimely. In light of the court's resolution of this issue, there is no need to address Respondent's other arguments. Petitioner's "Motion to Enter State Habeas Brief that I filed into Court's Records" (DE #19) is denied. The document does not contain a stamp or any other indication that it was filed in state court.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed with prejudice. The relief prayed for is denied.

SO ORDERED this 14th day of November, 2006.

_Henry L. Jones, Jr._
United States Magistrate Judge